Hyman, ' C. J.
On 10th March, 1858, Francis Lombas sold to Ferdinand Collet, a tract of land in the parish of St. James, on a credit.
Collet gave his three notes to Lombas for the land, and in the act of sale the vendor’s privilege retained, and a special mortgage given on the land to secure the payment of the notes.
The act was.reeorded in the office of the recorder of-mortgages of the parish of St. James, on 28th February, 1859.
One of the notes, having become due, Lombas sued Collet, and obtained judgment against him, wherein it was decreed that the vendor’s privilege, and the sjjeeial mortgage be recognized and enforced.
Lombas caused execution to be issued on the judgment, and the land to be seized and sold by authority thereof. It was sold for $2,000.
Mrs. Ferdinand Collet, having obtained judgment against her husband, Ferdinand. Collet, for $3,400, being the amount of her paraphernal means, received by him in the years 1850 and 1853, filed her opposition, and claimed therein the right to be paid out of the proceeds of the sale under execution.
Lombas transferred the judgment he obtained against Collet, and also the notes to other persons, and they appeared in the suit, and claimed to be paid the proceeds of the sale.
The Ejistrict Judge rendered judgment, decreeing that to Mrs. Collet should be paid the proceeds of the. sale, there being no proof that Ferdinand Collet had other real property.
From this judgment the transferrees of Lombas have appealed.
The legal mortgage accorded bylaw to Mrs. Collet on the real property of her husband to secure to her the recovery of her paraphernal means, and by him for his own purposes, had force and effect on the land he bought from Lombas against Lombas as his transferrees, from the day he bought it, to wit: from 10th day of March, 1858. See 4 Rob. Rep. 71; 11 Rob. Rep. 154; 10 La. Rep. 301; 2 An. Rep. 775; 4 An. .Rep. 411 and 509.
The vendor’s privilege, which the law accorded to Lombas on the land, would have out ranked Mrs. Collet’s mortgage, being a preferred right to a mortgage, had he not failed to record the act of sale in the office of the recorder of mortgages within the tune the law required him to do so, in order to preserve his privilege. Having neglected to do so, he lost his privilege, and the mortgage given in the act of sale had effect as regards such persons, only from the time it was recorded in the office of recorder of mortgages. C. C., Arts. 3238, 3240, 3241, 3314.
The mortgage of Mrs. Collet out ranked that given in favor of Lombas, and entitled her to be paid out of the proceeds of the sale in preference to Lombas, as his transferrees.
Let the judgment of the District Court be affirmed, the appellants to pay the cost of this appeal.
IiiSBEY, J., recused.